**FILED**

IN THE UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO

AUG 2 4 2006

UNITED STATES OF AMERICA,

                  Plaintiff/Respondent,

MATTHEW J. DYKMAN
CLERK

vs.

No. CIV 05-1350 BB/LCS
No. CR 04-1852 BB

FERNANDO MANCHA-VILLEGAS,

                  Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Mr. Mancha-Villegas's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed December 29, 2005. (Doc. 1.) Movant alleges that his attorney failed to file a notice of appeal; Movant also attacks the Sentence entered on March 7, 2005 in the case styled *United States of America v. Fernando Mancha-Villegas*, CR 04-1852 BB, United States District Court for the District of New Mexico. (*See* Doc. 1; *see also* Doc. 27/04CR1852.)

Having reviewed the petition and having considered the submissions and arguments of the parties, the testimony of the witnesses, the record herein, relevant authorities, and being otherwise fully advised, the Court finds that the petition should be **DENIED**.

## I.    PROCEDURAL HISTORY

1.    On September 16, 2004, a federal grand jury returned a one-count indictment against Movant. (Doc. 8/04CR1852.) The grand jury charged Mancha-Villegas, an alien with a prior felony conviction, with being found in New Mexico on June 10, 2004 in violation of 8 U.S.C. §§ 1326(a)(1)-(2) and (b)(1). (*Id.*)

2.      On October 26, 2004, Mancha-Villegas pled guilty to the indictment pursuant to a plea agreement with the government. (Docs. 18, 19/04CR1852.) In his plea agreement, Movant stated that he understood his rights as a criminal defendant, and agreed to waive those rights. (Doc. 18/04CR1852 at 1-2.) Among other things, the plea agreement provides that Defendant understood the maximum sentence he faced was twenty years incarceration; that he agreed his sentence would be determined pursuant to the sentencing guidelines; that he understood the Court, and not a jury, would find the facts that would determine his offense level and criminal history category; that he waived any constitutional challenges he may have to the validity of the sentencing guidelines; and that he had reviewed the application of the guidelines with his attorney and understood the guideline range was uncertain and that he could not withdraw his plea if the Court departed from the applicable guideline range. (*Id.* at 2-3.) The plea agreement further provides that Defendant had thoroughly reviewed all aspects of his case with his attorney and was fully satisfied with his attorney's legal representation. (*Id.* at 1.)

3.      In return, the United States stipulated that Defendant was entitled to a two-level reduction from the base offense level for acceptance of responsibility, contingent on Defendant providing a statement to the Probation officer. (*Id.* at 4.) The Government agreed that if Mancha-Villegas met certain requirements, the Government would move at the time of sentencing for a reduction of one additional level from the base offense level. (*Id.*) Finally, the Government agreed to recommend a sentence at the low end of the sentencing guideline range and not to bring further charges against Defendant arising out of the charged conduct. (*Id.* at 5.)

4.      Movant's total offense level, as calculated in the Presentence Investigation Report, was 21, and his Criminal History Category was VI. (*See* PSIR at 5, 9.) The resulting

2

sentencing guideline range was 77 to 96 months imprisonment. (*See* PSIR at13.)  Prior to Mr.

Mancha-Villegas's sentencing hearing, Mr. Robbenhaar filed a sentencing memorandum seeking

a deviation from the advisory sentencing guidelines and raised several arguments in support of a

deviation based on the factors set forth in 18 U.S.C. § 3553(a) and on the argument that

Movant's criminal history category over-represented his criminal conduct.  (Doc. 23/04CR1852.)

On March 7, 2005, the Honorable Bruce D. Black  rejected Movant's arguments for a deviation,

adopted the findings and guideline summary in the Presentence Investigation Report, and

sentenced Mr. Mancha-Villegas to 77 months in prison, the lowest end of the advisory

sentencing guideline range.  (Doc. 27/04CR1852).  Mr. Robbenhaar represented Movant at his

sentencing hearing.

     5.     I appointed counsel for Mr. Mancha-Villegas and held a hearing by video

conference on August 17, 2006. (*See* Doc. 7.)  Both Movant and Mr. John F. Robbenhaar, who

was Movant's attorney during all relevant criminal proceedings, testified under oath at the video

conference.  (*See* Doc. 19.)

## II.    PROPOSED FINDINGS OF FACTS

     From the record and based on the testimony of the witnesses at the hearing, I recommend

the following findings:

     6.     At the conclusion of the sentencing hearing, but prior to the removal of Mr.

Mancha-Villegas from the courtroom, Mr. Robbenhaar advised Mr. Mancha-Villegas that he had

ten days from the entry of judgment to file an appeal of the decision of the Court. (*See* Docs. 17

at 2; 18 at 2.)

     7.     On the day of his sentencing, Mr. Mancha-Villegas did not indicate to Mr.

Robbenhaar whether or not he wanted to pursue an appeal of the sentence imposed. (*See* Docs. 17 at 2; 18 at 2.)

8.     On March 16, 2005, Mr. Robbenhaar spoke to Mr. Mancha-Villegas by telephone and again discussed his appellate rights. During this conversation, Mr. Robbenhaar believes that he told Movant that the chances of success on appeal would be slim, because Movant had been sentenced within the appropriate guideline range and within the maximum statutory sentence of twenty years. Mr. Robbenhaar told Mr. Mancha-Villegas that if he wanted Mr. Robbenhaar to file an appeal, he would do so. Movant stated that he did not want to pursue an appeal. (*See* Docs. 17 at 2; 18 at 2.)

9.     Mr. Robbenhaar has been a licensed attorney in the State of New Mexico since 1995 and has handled hundreds of criminal cases and represented hundreds of criminal defendants. Mr. Robbenhaar is familiar with the Federal Rules of Criminal Procedure and the Federal Rules of Appellate Procedure. (*See* Doc. 4, Ex. 1 at 1-2.)

10.     Mr. Robbenhaar discussed with Movant the possibility of filing an appeal of the sentence imposed by the Court and informed Movant of his right to appeal on at least two occasions. Mr. Mancha-Villegas did not inform Mr. Robbehaar that he wished to appeal the sentence. (*See* Docs. 17 at 2; 18 at 2.)

11.     Mr. Robbenhaar speaks Spanish and had no reason to believe that Mr. Mancha-Villegas did not understand their conversations. (*See* Doc. 4, Ex. 1 at 2, 4-6.)

12.     After considering the submissions and testimony of the parties, the Court recommends finding that Mr. Mancha-Villegas did in fact understand all of his conversations with Mr. Robbenhaar concerning his right to appeal.

4

### III.   ANALYSIS

Movant raises the following issues in his Petition:

I.     Whether the sentencing judge violated Movant's rights under *Booker* by allegedly imposing a "mandatory" sentence.

II.    Whether counsel was ineffective for failing to file a notice of appeal after Movant requested Counsel to file such notice.

13.    After reviewing the motions, files, and records of the case, if this Court has any question as to whether the prisoner is entitled to relief, 28 U.S.C. § 2255 directs that I hold an evidentiary hearing to "determine the issues and make findings of fact . . . ." I held this hearing on August 17, 2006. When reviewing the motions, the Court will liberally construe a *pro se* litigant's pleadings and hold them to a less stringent standard than pleadings drafted by an attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### A.     The Sentencing Judge Did Not Violate Movant's Rights Under *Booker*.

14.    Movant  is procedurally barred from raising the *Booker* issue because he did not raise it on direct appeal.  A defendant may not bring a § 2255 motion "to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993)); *see also United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004).  Failing "to present an issue on direct appeal bars [the defendant] from raising the issue in his § 2255 motion . . . ." *Warner*, 23 F.3d at 291 (citing *Cook*, 997 F.2d at 1320).  Mr. Mancha-Villegas pled guilty and did not raise this claim on direct appeal, so it is subject to this procedural bar.  The only way Movant can bypass this rule is to "show cause excusing his procedural default and actual prejudice resulting

5

from the errors of which he complains[,]" or that he is actually innocent of his crimes. *Id.* (citing *Cook*, 997 F.2d at 1320); *see also Davis v. United States*, 417 U.S. 333, 346 (1974). Mr. Mancha-Villegas is not claiming actual innocence, so his procedural default will not be excused on that ground.

15.    Nor does Movant allege any facts to show cause for not raising this issue on appeal. Even if there were good cause, Mr. Mancha-Villegas cannot show prejudice because his claim would fail on the merits. Movant's *Booker* claim fails because "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). To rebut this deferential standard, Movant must demonstrate that his sentence was "unreasonable when viewed against the other factors delineated in [18 U.S.C.] § 3553(a)." *Id.* (citing *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005)). Movant has offered no evidence that his sentence was unreasonable, nor can this Court find any.[1] Accordingly, I recommend that Movant's petition be denied on the merits.

**B.    Movant Fails to Demonstrate Ineffective Assistance of Counsel.**

16.    Movant has not shown that his attorney was ineffective by advising Movant that his chances of success on appeal would be slim.

> The framework for evaluating an ineffective-assistance-of-counsel claim based on counsel's failure to file a notice of appeal is set forth in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). A defendant making such a claim must show that "counsel's representation fell

---

[1] The Court notes that the primary reason Movant cannot demonstrate his sentence was unreasonable is based on the fact that Movant failed to submit a brief based on his own sentence. Page four of Movant's "Points and Authorities" reads: "<u>Booker</u>, [sic] provides the correct interpretation of the law as it stood in 1999 when petitioner was tried and sentenced . . . ." (Doc. 1, Points and Authorities at 4.) Mr. Mancha-Villegas was sentenced in 2005.

below an objective standard of reasonableness" and that "counsel's deficient performance prejudiced" him. *Id.* at 476-77, 120 S.Ct. 1029 (internal quotation marks omitted). If trial counsel has discussed the possibility of appeal with the defendant, he "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478, 120 S.Ct. 1029.

*United States v. Alvarez-Perez*, No. 05-2068, 2006 WL 23577, at *1 (10th Cir., Jan. 5, 2006).

17.    Here, Mr. Mancha-Villegas admits that he did not expressly instruct Mr. Robbenhaar to file an appeal. (*See* Doc. 17 at 2.) Movant merely claims that he took Mr. Robbenhaar's advice not to pursue an appeal. (*Id.*) Federal courts "give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir.2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). The Court must, therefore, presume that Mr. Robbenhaar gave reasonable advice; Mr. Mancha-Villegas must overcome that presumption. Movant has offered nothing to demonstrate Mr. Robbenhaar's advice was unreasonable, nor has he shown that, but for the advice, Movant would have prevailed on appeal. Movant cannot meet either of *Strickland*'s prongs, and I recommend his ineffective assistance claim be denied on the merits.

## III.    RECOMMENDATION

18.    I recommend that Mr. Mancha-Villegas's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED**. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to

7

§ 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE

8

Westlaw.

162 Fed.Appx. 797                                                                 Page 1
162 Fed.Appx. 797, 2006 WL 23577 (C.A.10 (N.M.))
**(Cite as: 162 Fed.Appx. 797)**

**H**
Briefs and Other Related Documents
This case was not selected for publication in the Federal Re-
porter.Please use FIND to look at the applicable circuit
court rule before citing this opinion. Tenth Circuit Rule
36.3. (FIND CTA10 Rule 36.3.)
         United States Court of Appeals,Tenth Circuit.
         UNITED STATES of America, Plaintiff-Appellee,
                                  v.
         Ignacio ALVAREZ-PEREZ, Defendant-Appellant.
                              **No. 05-2068.**

                            Jan. 5, 2006.

**Background:** Defendant, who was convicted by jury on
three drug charges, filed motion to vacate. The United
States District Court for the District of New Mexico dis-
missed motion with prejudice and denied certificate of ap-
pealability (COA). Defendant appealed, requesting COA.

**Holding:** The Court of Appeals, Harry L. Hartz, Circuit
Judge, held that defendant was not entitled to COA permit-
ting appeal from denial of ineffective assistance of counsel
claim.

Appeal dismissed.

                          West Headnotes

**Criminal Law 110 €══1073**

110 Criminal Law
   110XXIV Review
      110XXIV(F) Proceedings, Generally
         110k1073 k. Certificate of Probable Cause or Reasonable
Doubt. Most Cited Cases
No reasonable jurist could determine that defendant estab-
lished ineffective assistance of counsel based on trial coun-
sel's failure to file direct appeal from defendant's conviction
on drug charges, and therefore defendant was not entitled to
certificate of appealability (COA) permitting appeal from
denial of motion to vacate raising ineffectiveness claim, giv-
en defendant's failure to show that counsel performed defi-
ciently in advising that there were no grounds for appeal and
magistrate judge's findings that defendant accepted counsel's
advice, which were not clearly erroneous. U.S.C.A.

Const.Amend. 6; 28 U.S.C.A. §§ 2253(c)(2), 2255.

**\*798** David C. Iglesias, U.S. Attorney, Office of the United
States Attorney, District of New Mexico, Norman Cairns,
U.S. Attorney's Office, Albuquerque, NM, Mick I.R. Gutier-
rez, Office of the United States Attorney, District of New
Mexico, Las Cruces, NM, for Plaintiff-Appellee.
Leon Schydlower, El Paso, TX, Defendant-Appellant.

Before HARTZ, Circuit Judge, SEYMOUR, Senior Circuit
Judge, and McCONNELL, Circuit Judge.

                            **ORDER**
HARRIS L. HARTZ, Circuit Judge.
**\*\*1** Ignacio Alvarez-Perez was convicted by a jury in the
United States District Court for the District of New Mexico
on three drug charges. On April 2, 2003, he was sentenced
to 151 months in federal prison. On April 5, 2004, he filed a
motion for a writ of habeas corpus under 28 U.S.C. § 2255,
arguing that he was denied effective assistance of counsel
when his trial counsel failed to appeal his conviction despite
his instructions to do so. The district court dismissed the
motion with prejudice and denied a certificate of appealabil-
ity (COA), see 28 U.S.C. § 2253(c)(1) (requiring COA). We
deny a COA for substantially the same reasons.

                     **I. BACKGROUND**

The magistrate judge in the § 2255 proceeding held an evid-
entiary hearing at which Mr. Alvarez-Perez and his trial
counsel, Paul Rubino, testified. Mr. Alvarez-Perez testified
that he told Mr. Rubino after the sentencing hearing that he
"was not comfortable with the amount of time that I had
been given" and that "I wanted for him to file an appeal for
me." Supp. Vol. I at 8. He also testified that afterwards he
was under the impression that Mr. Rubino had filed an ap-
peal. Mr. Rubino's testimony was to the contrary. Although
he agreed that he and Mr. Alvarez-Perez had discussed fil-
ing an appeal, he said that he had told Mr. Alvarez-Perez
that there was no basis for an appeal, and that Mr. Alvarez-
Perez's response had been " 'don't file an appeal if there is
no basis.' " *Id.* at 22.

The magistrate judge believed Mr. Rubino: "Having heard
the testimony of the witnesses and observing their demeanor

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.